*108
 
 PER CURIAM:
 

 Appellant Perez appealed to the district court from an adverse determination by the bankruptcy court on a non-core dispute over an alleged oral contract for sale of his house to appellees, the Castros. Perez claims in this appeal that the district court failed to give him proper de novo review of the bankruptcy court’s findings. Under 28 U.S.C. § 157(c)(1):
 

 In ... [a non-core] proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge’s proposed findings and conclusions
 
 and after reviewing de novo those matters to which any party has timely and specifically objected.
 
 (Emphasis added).
 

 This statute was modeled on Fed.R.Civ.P. 72, which provides for de novo review of magistrates’ decisions that are dispositive of the merits of a case. Bankruptcy Rule 9033, 1987 Advisory Committee’s Note. De novo review by the district court preserves a party’s right to a determination of non-core bankruptcy issues by an Article III judge.
 
 See Northern Pipeline Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 81, 102 S.Ct. 2858, 2876, 73 L.Ed.2d 598 (1982);
 
 United States v. Remsing,
 
 874 F.2d 614, 618 (9th Cir.1989).
 

 Although new hearings are not required for de novo review, a review of the record is required. “An appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony.”
 
 United States v. Remsing,
 
 874 F.2d at 618 (regarding review of magistrate’s findings); 9 Collier on Bankruptcy ¶ 9033.07. Here, the district court could not have considered the actual testimony in the bankruptcy court, because the reporter’s transcript had not yet been prepared when the district court judgment was entered.
 

 The Castros make three arguments why remand is nonetheless inappropriate. First, they contend that the ruling of the motions panel denying remand should be the law of the case. Second, they argue that Perez forfeited his right to de novo review by not making timely objections to the bankruptcy court’s findings. Third, they argue that the objections Perez filed were not sufficiently specific.
 

 The Castros’ first argument misunderstands the role of the motions panel. The panel’s denial of a dispositive motion without opinion is equivocal. It may be a denial on the merits, or it may also be a determination that plenary consideration is required. Thus, the disposition of a prior motion is not binding on a merits panel.
 
 United States v. Houser,
 
 804 F.2d 565, 568-69 (9th Cir.1986); Ninth Circuit Advisory Committee Note to Circuit Rule 27-1 (merits panel may reconsider determination of motions panel).
 

 The Castros’ second contention, that Perez did not timely object to the bankruptcy court’s findings, is not supported by the record. The bankruptcy court issued one set of findings of fact in September, before trial, based on the prior evidentiary hearing on the motion for relief from stay. Perez filed an objection to these findings with the bankruptcy court within the time period required by Bankruptcy Rule 9033(b). The bankruptcy court issued its final recommendation to the- district court and additional findings November 20. Perez filed a timely petition for de novo review.
 

 The Castros’ position seems to be that because Perez did not file a request with the district court for de novo review after the bankruptcy court issued the first set of findings in September, he may not challenge them. Such a theory would require objections to be lodged to every interlocutory decision of a bankruptcy court, and de novo review immediately requested. Because the September findings were not the bankruptcy court’s final determination of the issues, it was not appropriate for Perez to request district court review at that time. 7 Collier on Bankruptcy 11 9033.04 (the bankruptcy judge may make preliminary findings on evidentiary matters pending trial of the matter);
 
 see In re John Kennedy,
 
 48 B.R. 621, 622 (Bkrtcy D.Ariz.1985) (interlocutory decisions and orders on
 
 *109
 
 non-core issues need not be submitted to district court).
 

 Perez properly preserved his objections under the procedures of Bankruptcy Rule 9033(b), and may challenge both sets of findings in the district court.
 
 See
 
 7 Collier on Bankruptcy ¶ 9033.05 (a party must object under Rule 9033(a) in order to preserve for later review any errors in the recommendation of the bankruptcy judge).
 

 The Castros’ final contention is that Perez’s objections were not sufficiently specific. Perez objects to every conclusion of the bankruptcy judge, but does enumerate his objections with specificity. The statute does not limit the number of objections that can be made.
 

 Because we have determined that this case must be remanded so that the district court may conduct a de novo review, including consideration of the actual testimony in the bankruptcy court, we need not address appellant’s other contentions at this time.
 

 The district court’s judgment is VACATED and REMANDED for de novo review of the bankruptcy court’s findings.