967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Richard J. ADAIR; Marty S. Adair, Debtors.
Richard J. ADAIR; Marty S. Adair, Plaintiffs-Appellants,
v.
SUNWEST BANK; Guardian Trust Deed Services, Defendants-Appellees.
 No. 91-55021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided June 3, 1992.
 
 Before GOODWIN, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Adair and Marty Adair ("the Adairs") appeal the district court's judgment affirming the bankruptcy court's grant of summary judgment to Sunwest Bank ("Sunwest") in the Adairs' suit seeking to set aside a foreclosure sale on their real property. We affirm.
 
 I. SCHEDULING AND DISCOVERY
 
 3
 The Adairs contend that the intermittent scheduling of the trial over a six-month period, combined with the bankruptcy court's refusal to compel production of certain documents, constituted a denial of due process. Reversal on the basis of judicial misconduct is warranted only if the trial was unfair. Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1289 (9th Cir.1984), cert. denied, 469 U.S. 1190 (1985). The Adairs have not been able to show prejudice.
 
 A. Intermittent Trial Scheduling
 
 4
 The Adairs contend that the bankruptcy court's refusal to continue the case on October 23, 1987, resulted in substantial prejudice. The facts were that the court did thereafter continue the matter from November 17, 1987 to January 23, 1988, to allow appellants time to submit the overdue declaration of Ms. Adair. Because a continuance was granted, this claim has no merit.
 
 
 5
 The Adairs contend that the court should grant a continuance whenever it is unable to hear a case within a reasonable period of time. The timing of trials and control of the docket are matters left to the sound discretion of the trial court. Coursen v. A.H. Robins Co., 764 F.2d 1329, 1340 (9th Cir.1985). Nine trial days over a six-month period of time is not per se unreasonable or an abuse of discretion. The record indicates that several of the delays resulted from the bankruptcy court's efforts to accommodate the attorneys and the witnesses. The Adairs did not object to some delays and asked for others. In Coursen, we held that no error is committed when trial scheduling is consistent with the agreement of the parties. Id.
 
 
 6
 The Adairs assert that the bankruptcy court abused its discretion by refusing to grant a continuance so that they could complete discovery. A denial of a continuance on the basis of inadequate time to perform discovery has been held appropriate where the complaining party did not commence discovery early enough in the proceedings. See In re DeLorean Motor Co. Litig., 59 B.R. 329, 334-35 (E.D.Mich.1986). Although the Adairs had two years in which to conduct discovery, they waited until eighteen days before the cutoff date to initiate discovery. While this tardy commencement does not justify Sunwest's withholding relevant evidence, the Adairs' remedy lies in sanctions for Sunwest's failure to disclose all the documents, not in a collateral attack on a foreclosure that was unrelated to Sunwest's indifferent handling of discovery requests.
 
 
 7
 B. The Bankruptcy Court's Refusal to Compel Discovery
 
 
 8
 During the course of the trial, Sunwest admitted to possessing documents outlining the stages leading to the bank's approval of the Adairs' loan. Sunwest previously had denied that these documents existed. The Adairs contend that this belated discovery of the material demonstrates that the bankruptcy court abused its discretion in not initially compelling the production of the documents. Nothing in the record, however, evidences any resulting prejudice to the Adairs. Although the Adairs were forced to modify their theory of the case in the midst of trial, their theory was defective ab initio, and the court accommodated the Adairs by ordering that the concealed files be produced promptly and by continuing the trial for one month to allow the Adairs time to evaluate these documents.
 
 
 9
 IV. DISTRICT COURT REVIEW.
 
 
 10
 Under 28 U.S.C. § 157(c)(1), in non-core bankruptcy proceedings the district court must consider the bankruptcy court's proposed findings of fact and conclusions of law and must review de novo "those matters to which any party has timely and specifically objected." Id. The Adairs contend that they did not receive a proper de novo review. We review the district court's review of a non-core bankruptcy proceeding to determine whether the district court has exercised its nondelegable authority by considering the actual testimony. See In re Castro, 919 F.2d 107, 108 (9th Cir.1990).
 
 
 11
 The district court conducted an appropriate review in this case. The court did not err in limiting its initial review to the issue of proximate cause, since that issue was potentially dispositive. The court held several status conferences and requested extensive briefing by the parties on the legal issues. Judge Letts considered evidence in addition to that received in the bankruptcy proceeding. He submitted the question of proximate cause for hearing, during which witnesses were called on behalf of the Adairs. The record indicates that the district judge made his own determination based upon the record and was unrestrained by the findings and conclusions of the bankruptcy court.
 
 V. MISREPRESENTATION
 
 12
 The Adairs claim that the bankruptcy court disregarded uncontradicted evidence that they borrowed the money from Sunwest based on Sunwest's fraudulent misrepresentations. Under California law, the Adairs needed to prove resulting damage in order to maintain an action for fraud. See Okun v. Morton, 203 Cal.App.3d 805, 828, 250 Cal.Rptr. 220, 235 (Cal.Ct.App.1988). The district court heard oral argument on the question of proximate cause and found that the Adairs were unable to complete the intended improvements in part because they incorrectly estimated the cost of these improvements. The court determined that the Adairs used a portion of the loan to pay expenses unrelated to the land improvements. Although the Adairs received additional funds from Sunwest and other sources, they were unable to purchase the required equipment. Based on these findings, the district judge concluded that Sunwest's alleged misrepresentations did not result in the subsequent foreclosure. This conclusion was not erroneous.
 
 
 13
 The Adairs contend that Sunwest's misrepresentation constituted constructive fraud, in violation of Cal.Civ.Code § 1573. "Constructive fraud arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter to his prejudice. In re Estate of Gump, 2 Cal.Rptr.2d 269, 281 (Cal.Ct.App.1991) (quoting Odorizzi v. Bloomfield Sch. Dist., 246 Cal.App.2d 123, 129 (Cal.Ct.App.1966)). However, "[i]f the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, ... he will be denied recovery." Kruse v. Bank of Am., 202 Cal.App.3d 38, 54, 248 Cal.Rptr. 217, 227 (Cal.Ct.App.1988) (quoting Seeger v. Odell, 18 Cal.2d 409, 415 (Cal.1941)), cert. denied, 488 U.S. 1043 (1989). The district court properly concluded that the Adairs did not justifiably rely on Sunwest's alleged misrepresentations in borrowing additional funds once they discovered that their initial loan proceeds were inadequate to their development plans. The Adairs properly were denied recovery under this theory.
 
 VI. PARTIAL SUMMARY JUDGMENT
 
 14
 We review bankruptcy court grants of summary judgment de novo. See In re Center Wholesale, Inc., 788 F.2d 541, 542 (9th Cir.1986). The availability of collateral estoppel is also a question of law subject to de novo review. See Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988).
 
 
 15
 The Adairs contend that the bankruptcy court erred in granting partial summary judgment on the issue whether the trustee's sale of the subject property was conducted pursuant to Cal.Civ.Code § 2924. The bankruptcy court ruled that the issue previously had been adjudicated in California municipal court during the unlawful detainer proceeding and that the Adairs therefore were barred from relitigating the issue.
 
 
 16
 The California Supreme Court has held that collateral estoppel may be invoked only if the unlawful detainer defendant had a full and fair opportunity to litigate the issues. Vella v. Hudgins, 20 Cal.3d 251, 256-57, 142 Cal.Rptr. 414, 417 (Cal.1977). In Vella, the court observed that "[a]pplying the traditional rule that a judgment rendered by a court of competent jurisdiction is conclusive as to any issues necessarily determined in that action, the courts have held that subsequent fraud ... suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer action." 20 Cal.3d at 256.
 
 
 17
 Before granting an unlawful detainer motion under Cal.Code Civ.Proc. § 1161a (West 1982), the municipal court must first ascertain whether the party seeking the eviction complied with Civil Code section 2924, and whether title was duly perfected. Because an unlawful detainer action requires that the municipal court first determine that the parties complied with section 2924, under Vella the Adairs had a full and fair opportunity to litigate the issue of Sunwest's compliance with section 2924. The bankruptcy court properly granted partial summary judgment in favor of Sunwest.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3