[L.A. No. 30779. Dec. 8, 1977.]

NANCY C. VELLA, Plaintiff and Appellant, v.
EVERETT R. HUDGINS, Defendant and Appellant.

**COUNSEL**

Joseph L. Shalant for Plaintiff and Appellant.

Milton Zerin and L. Dean Petty for Defendant and Appellant.

**OPINION**

**RICHARDSON, J.**—Plaintiff Nancy C. Vella brought this action to set aside a trustee's sale, alleging that defendant Everett R. Hudgins, holder of a note secured by a second deed of trust on her residence, fraudulently induced her to default on the note. The question which we consider is whether the present suit is precluded by the prior adjudication of the fraud issue in an unlawful detainer action between the parties.

The trial court found that Vella, who originally owned the subject property, had for several years maintained a confidential and intimate relationship with defendant. Vella encountered financial difficulty and the property became subject to multiple encumbrances, including a second deed of trust then held by the Penrod Corporation. In May of 1969, Hudgins purchased the note and the second trust deed securing it, informing Vella that he had acquired the note to protect her from

default, and assuring her that she need not worry about making payments on the obligation. Relying upon that promise and the confidential nature of their relationship, Vella ceased paying on the note, and used her resources to discharge other debts. Thereafter, the parties quarreled, and Hudgins directed the trustee named in the second deed of trust to give appropriate notice of default and election to sell. The trustee complied and Hudgins subsequently purchased the property at the trustee's sale in September of 1969. The record indicates the property at that time had a fair market value in excess of $40,000.

Vella immediately filed the present suit, framed as an action for injunctive relief and for imposition of a constructive trust. Meanwhile, Hudgins served Vella with a three-day notice to quit the premises and thereafter promptly initiated unlawful detainer proceedings under Code of Civil Procedure section 1161a. (All statutory references are to that code, unless otherwise specified.) In the unlawful detainer action Vella asserted as an affirmative defense the same allegations of fraud that form the basis for the present equity action which was then pending. Judgment in the unlawful detainer suit was given for Hudgins and Vella was evicted. That judgment is now final.

Hudgins unsuccessfully urged the unlawful detainer judgment as a bar to the present action. His motion to strike the complaint was denied, and the cause proceeded to trial on the merits. After a four-day trial, the court, on the basis of detailed findings of fact, concluded that Vella's default had been induced by Hudgins' fraud and ordered the property returned to Vella.

Both Vella and Hudgins appealed, raising not only the res judicata issue which we consider herein, but various other unrelated issues. The Court of Appeal, without considering these other issues, reversed the trial court judgment solely on the ground that Vella's fraud claim had been conclusively adjudicated in the prior unlawful detainer proceeding, and that judgment for Hudgins in that action cut off Vella's right to pursue an independent claim for equitable relief. We conclude that the unlawful detainer judgment was not res judicata under the circumstances, and consequently will retransfer the cause to the Court of Appeal for consideration of the remaining issues in the appeals. (See *Taylor v. Union Pac. R.R. Corp.* (1976) 16 Cal.3d 893, 895 [130 Cal.Rptr. 23, 549 P.2d 855].)

The history and scope of unlawful detainer actions have been discussed at length in several recent appellate decisions. (E.g., *Gonzales v. Gem Properties, Inc.* (1974) 37 Cal.App.3d 1029, 1033-1035 [112 Cal.Rptr. 884]; *Union Oil Co.* v. *Chandler* (1970) 4 Cal.App.3d 716, 721-722 [84 Cal.Rptr. 756]; cf. *Green* v. *Superior Court* (1974) 10 Cal.3d 616, 631-634 [111 Cal.Rptr. 704, 517 P.2d 1168].) For our present purpose, it is sufficient to note that the proceeding is summary in character; that, ordinarily, only claims bearing directly upon the right of immediate possession are cognizable (*Green, supra,* at pp. 632-634; *Knowles* v. *Robinson* (1963) 60 Cal.2d 620, 625 [36 Cal.Rptr. 33, 387 P.2d 833]; *Cheney* v. *Trauzettel* (1937) 9 Cal.2d 158, 159 [69 P.2d 832]; see *Cruce* v. *Stein* (1956) 146 Cal.App.2d 688 [304 P.2d 118]); and that cross-complaints and affirmative defenses, legal or equitable, are permissible only insofar as they would, if successful, "preclude removal of the tenant from the premises." (*Green, supra,* at p. 634, fn. 19; *Union Oil Co., supra,* at p. 725.)

As a consequence of the foregoing principles, a judgment in unlawful detainer usually has very limited res judicata effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title (*Cheney* v. *Trauzettel, supra,* 9 Cal.2d at p. 160; *Byrne* v. *Baker* (1963) 221 Cal.App.2d 1, 5-6 [34 Cal.Rptr. 178]; *Bekins* v. *Trull* (1924) 69 Cal.App. 40, 45 [230 P. 24]), or to adjudicate other legal and equitable claims between the parties (*Gonzales* v. *Gem Properties, Inc., supra,* 37 Cal.App.3d 1029; *Union Oil Co.* v. *Chandler, supra,* 4 Cal.App.3d 716; *Haase* v. *Lamia* (1964) 229 Cal.App.2d 654, 658 [40 Cal.Rptr. 518]; *Patapoff* v. *Reliable Escrow Service Corp.* (1962) 201 Cal.App.2d 484 [19 Cal.Rptr. 886]; cf. *Staudigl* v. *Harper* (1946) 76 Cal.App.2d 439, 449 [173 P.2d 343]).

A qualified exception to the rule that title cannot be tried in unlawful detainer is contained in Code of Civil Procedure section 1161a, which extends the summary eviction remedy beyond the conventional landlord-tenant relationship to include certain purchasers of property such as Hudgins. Section 1161a provides for a narrow and sharply focused examination of title. To establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title. (§ 1161a, subd. 3.) Thus, we have declared that "to this limited extent, as provided by the statute, . . . title may be litigated in such a proceeding." (*Cheney* v. *Trauzettel, supra,* 9 Cal.2d at p. 159.)

Applying the traditional rule that a judgment rendered by a court of competent jurisdiction is conclusive as to any issues necessarily determined in that action, the courts have held that subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment. (*Freeze* v. *Salot* (1954) 122 Cal.App.2d 561 [266 P.2d 140]; *Bliss* v. *Security-First Nat. Bank* (1947) 81 Cal.App.2d 50 [183 P.2d 312]; *Seidell* v. *Anglo-California Trust Co.* (1942) 55 Cal.App.2d 913 [132 P.2d 12].) Where, however, the claim sought to be asserted in the second action encompasses activities not directly connected with the conduct of the sale, applicability of the res judicata doctrine, either as a complete bar to further proceedings or as a source of collateral estoppel, is much less clear.

Recently, in *Wood* v. *Herson* (1974) 39 Cal.App.3d 737 [114 Cal.Rptr. 365], the Court of Appeal held that a suit for specific performance of a contract to convey was foreclosed by a prior unlawful detainer judgment which had decided all issues of fact material to the second action. Noting that the Woods' affirmative defense of fraud in the unlawful detainer action was virtually identical to the fraud allegations upon which their suit for specific performance was based, the court concluded that even though title "normally is not a permissible issue in an unlawful detainer action," the essential issues had been fully and fairly disposed of in the earlier proceeding. (*Id.,* at p. 740.) The court cited in support of its ruling such varied factors as the length of the "summary" unlawful detainer hearing (seven days), the scope of discovery by the parties ("extensive" and "complete"), the quality of the evidence ("detailed"), and the general character of the action ("[c]learly . . . not the customary unlawful detainer proceeding"). (*Id.,* at pp. 742, 745.) A lengthy and comprehensive superior court record replete with precise findings of fact persuaded the *Wood* court that application of collateral estoppel to curtail further litigation would involve "no miscarriage of justice—[the] Woods have had their day in court . . . ." (*Id.,* at p. 745; see also *High* v. *Cavanaugh* (1962) 205 Cal.App.2d 495 [23 Cal.Rptr. 121]; cf. *Gonzales* v. *Gem Properties, Inc., supra,* 37 Cal.App.3d 1029; *Haase* v. *Lamia, supra,* 229 Cal.App.2d 654; *Byrne* v. *Baker, supra,* 221 Cal.App.2d 1; *Patapoff* v. *Reliable Escrow Service Corp., supra,* 201 Cal.App.2d 484.)

■ We agree that "full and fair" litigation of an affirmative defense—even one not ordinarily cognizable in unlawful detainer, if it is

raised without objection, and if a fair opportunity to litigate is provided—will result in a judgment conclusive upon issues material to that defense. In a summary proceeding such circumstances are uncommon. *Wood,* however, appears to be an appropriate example. There, the parties apparently chose to waive speedy resolution of the issue of possession in favor of an extensive adjudication of their conflicting claims by a superior court invested with jurisdiction to deal with any issues the disputants agreed to try. The more usual case is accurately characterized by our statement in *Cheney*: "Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment." (*Cheney* v. *Trauzettel, supra,* 9 Cal.2d at p. 160.)

The doctrine of res judicata, whether applied as a total bar to further litigation or as collateral estoppel, "rests upon the sound policy of limiting litigation by preventing a party who has had *one fair adversary hearing* on an issue from again drawing it into controversy and subjecting the other party to further expense in its reexamination." (*In re Crow* (1971) 4 Cal.3d 613, 622-623 [94 Cal.Rptr. 254, 483 P.2d 1206], italics added.)

The record herein fails to disclose that Vella had the fair adversary hearing contemplated by us in *Crow*. The municipal court, in Hudgins' unlawful detainer action, was empowered to examine the conduct of the trustee's sale (if its validity had been challenged), and properly could consider whatever equitable defenses Vella might have raised insofar as they pertained directly to the right of possession. The court had no jurisdiction, however, to adjudicate title to property worth considerably more than its $5,000 jurisdictional limit (§ 86), nor could its judgment on the issue of possession foreclose relitigation of matters material to a determination of title except to the extent that the summary proceeding afforded Vella a full and fair opportunity to litigate such matters.

The burden of proving that the requirements for application of res judicata have been met is upon the party seeking to assert it as a bar or estoppel. (*Paladini* v. *Municipal Markets Co.* (1921) 185 Cal. 672, 674 [200 P. 415]; see *Eichler Homes, Inc.* v. *Anderson* (1970) 9 Cal.App.3d 224, 234 [87 Cal.Rptr. 893]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 199, p. 3337.) In the matter before us Hudgins has failed to sustain that burden.

The record offered in support of the plea of res judicata is virtually barren. Evidently the unlawful detainer proceedings were unrecorded or untranscribed, for no transcript of the municipal court hearing exists, and no findings of fact or conclusions of law were made, other than a notation in the trial judge's minute order to the effect that Vella had not proved her affirmative defenses of "waiver and [equitable] estoppel and tender." The sparse record presented to us fails to show either the precise nature of the factual issues litigated, or the depth of the court's inquiry. We decline to assume, given the summary character of this type of action, that the mere pleading of a defense without objection by the adverse party necessarily demonstrates adequate opportunity to litigate the defense. The fact that in the unlawful detainer action both parties submitted trial-length estimates of two hours, whereas trial of the second action consumed four days, while not controlling, does create a strong inference that the former proceeding was a conventional unlawful detainer action, unlike the elaborate and highly atypical proceeding considered in *Wood.* (See *Gonzales* v. *Gem Properties, Inc., supra,* 37 Cal.App.3d at p. 1036.)

█ We are of the further opinion that section 1161a does not *require* a defendant to litigate, in a summary action within the statutory time constraints (§§ 1167, 1179a), a complex fraud claim involving activities not directly related to the technical regularity of the trustee's sale. █ In the absence of a record establishing that the claim was asserted and that the legal and factual issues therein were fully litigated, we conclude that the question of fraudulent acquisition of title was not foreclosed by the adverse judgment in the earlier summary proceeding.

We do not envision that our holding will impose any unwarranted burden on the plaintiff in an unlawful detainer action prosecuted under section 1161a. In return for speedy determination of his right to possession, plaintiff sacrifices the comprehensive finality that characterizes judgments in nonsummary actions. Moreover, he has adequate protection against multiple litigation, for ordinarily he can prevent the introduction of extrinsic issues by making appropriate objections to the defendant's pleadings or proof; alternatively, he may request preparation of a transcript (§§ 269, 274c) and written findings (§ 632), both of which may subsequently be offered, together with any stipulation by the parties as to the issues to be tried, in support of a plea of res judicata. (*Goodman* v. *Dam* (1931) 112 Cal.App. 244, 246 [296 P. 623]; see also *Hamilton* v. *Carpenter* (1940) 15 Cal.2d 130 [98 P.2d 1027].)

The cause is retransferred to the Court of Appeal, Second Appellat District, for disposition of the appeals on the merits.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.