Lawrence Chaim STEIN; Marc Hutson-Montroy, individually and on behalf of the General Public, Plaintiffs—Appellants,

v.

BRAUM INVESTMENT AND DEVELOPMENT, INC., aka Braum Real Estate; Michael Braum, an individual aka Majid Hekmatjah; and Torat Hayim, a California non-profit corporation, Defendants—Appellees.

No. 05–56289.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed Aug. 6, 2007.

Raymond Zakari, Esq., Pasadena, CA, Kenneth J. Beck, Esq., Gretna, LA, for Plaintiffs–Appellants.

Barbara Ravitz, Esq., Jens Koepke, Greines Martin Stein & Richland, LLP, Thomas M. Phillips, Esq., Ann Katherine Shell, Esq., Cooper, Phillips & Peterson LLP, Los Angeles, CA, for Defendants–Appellees.

Richard Daggenhurst, and Kenyon F. Dobberteen for the Legal Aid Foundation of Los Angeles; Nisha N. Vyas, and Connie Y. Chung for the Southern California Housing Rights Center, for Amici Curiae.

Before: RAWLINSON and TROTT, Circuit Judges, and MURGUIA,* District Judge.

## MEMORANDUM **

On June 16, 2004, Appellants Lawrence Chaim Stein ("Appellant Stein") and Marc Hutson–Montroy (collectively "Appellants") filed this amended action against Appellees Braum Investment and Development, Inc., Michael Braum and Torat Hayim ("Appellees") asserting Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, et seq., and other claims based upon discrimination arising from Appellants' tenancy with Appellees. On July 25, 2005, the district court after raising, *sua sponte*, the availability and application of res judicata and collateral estoppel dismissed Appellants' FHA action based upon a prior unlawful detainer judgment obtained by Appellees against Appellant Stein in the Superior Court of California, County of Los Angeles (the "Superior Court"). The Appellants then instituted this timely appeal. We reverse and remand.

## ANALYSIS

### I. Standard of Review

This Court reviews de novo a district court's ruling on the availability of res judicata both as to res judicata and collateral estoppel. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir.1988) (citations omitted). "The preclusive effect of a judgment in a prior case presents a mixed question of law and fact in which the legal issues predominate." *Id.* (citing *Blasi v. Williams*, 775 F.2d 1017, 1018 (9th Cir. 1985)).

## II. Discussion

Appellants contend that the district court erred in several respects by dismissing their FHA action on grounds of res judicata and collateral estoppel. Most notably, Appellants assert that the district court erred in finding res judicata and collateral estoppel to be available because of the absence of a final judgment from the prior unlawful detainer proceedings in the Superior Court brought by the Appellees against Appellant Stein. The Appellants also contend that the district court erred in finding res judicata and collateral estoppel to be available because of the insufficient record from the Superior Court proceedings. We find these arguments persuasive.

### A. Lack of Final Judgment from Superior Court Proceedings

■ In finding there to be a final judgment in the Superior Court litigation to support the availability of collateral estoppel, the district court concluded that "[a]s the issue has already been brought before the Appellate Division of the Superior Court, a final judgment has been rendered such that collateral estoppel is available." However, the district court's finding of a final judgment from the Superior Court unlawful detainer litigation fails to consider the actual result and effect of appellate review of the Superior Court's judgment against Appellant Stein. Importantly, the Appellate Division of the Superior Court rendered an unqualified reversal of the Superior Court's judgment against Appellant Stein by stating that "[t]he judgment is reversed." California law dictates that the effect of such an unqualified reversal is to take the case back as if judgment had never been rendered. *See Regents of Uni-*

* The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*versity of California v. Public Employment Relations Bd.,* 220 Cal.App.3d 346, 356–57, 269 Cal.Rptr. 563 (1990) ("The effect of an unqualified reversal ('The judgment is reversed') is to *vacate* the judgment, and to leave the case 'at large' for further proceedings as if it had never been tried, and as if no judgment had ever been rendered.") (quoting 9 Witkin Cal. Procedure, Appeal § 625, p. 606 (3d ed.1985)) (emphasis original). Because of the absence of any final judgment from the Superior Court litigation, there was no final judgment upon which the district court could rely. Moreover, in light of the unqualified reversal language used by the Appellate Division and the lack of any indication of a partial affirmance of the discrimination issues, we reject Appellees' argument that the discrimination issues underlying Appellants' claims were sufficiently adjudicated or final to support the availability of res judicata and collateral estoppel. As such, because of the absence of any final judgment from the Superior Court proceedings, the district court erred in finding res judicata and collateral estoppel to be available to bar Appellants' FHA action.

**B. Insufficient Record of Superior Court's Unlawful Detainer Proceedings**

In addition, even if there were a final judgment upon which to rely from the unlawful detainer proceedings, the record of such proceedings does not permit the availability of res judicata and collateral estoppel to bar Appellants' FHA action. As articulated by the California Supreme Court in *Vella v. Hudgins,* "a judgment in unlawful detainer usually has very limited res judicata effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims between the parties." 20 Cal.3d 251, 255, 142 Cal.Rptr. 414, 572 P.2d 28

(1977) (citations omitted). This is due to the summary nature inherent to unlawful detainer actions which bear directly upon the right of possession. *See id.* at 258, 142 Cal.Rptr. 414, 572 P.2d 28 ("In return for speedy determinations of his right to possession, plaintiff sacrifices the comprehensive finality that characterizes judgments in nonsummary actions."); *see also Pelletier v. Alameda Yacht Harbor,* 188 Cal. App.3d 1551,1557, 230 Cal.Rptr. 253 (1986) (stating in unlawful detainer actions "[l]egal and equitable claims—such as questions of title and affirmative defenses—are not conclusively established unless they were fully and fairly litigated in an adversary hearing"). As such, for an unlawful detainer proceeding to provide res judicata or collateral estoppel effect to subsequent litigation, there must first be the opportunity for a full and fair litigation of the claim or issue before the unlawful detainer court. As noted in *Vella,* " 'full and fair' litigation of an affirmative defense ... if it is raised ... and if a fair opportunity to litigate is provided will result in a judgment conclusive upon issues material to that defense." 20 Cal.3d at 256–257, 142 Cal.Rptr. 414, 572 P.2d 28.

In the instant case, the record of the unlawful detainer proceedings regarding the litigation of Appellant Stein's discrimination defenses can be described as follows: (1) Appellant Stein's form answer with attachment raising as affirmative defenses the existence of discrimination in violation of the Constitution and laws of California, retaliation and religious discrimination; (2) a form judgment from the Superior Court in favor of Appellees against Appellant Stein with no findings of fact or conclusions of law regarding the issues or claims presented; and (3) Appellees counsel's declaration stating that "[t]he Unlawful Detainer trial lasted [a] [f]ew [h]ours" and that "[Appellant Stein] presented evidence that [he] had been un-

lawfully evicted due to ... religious discrimination and ... retaliation...." Such a record is insufficient to demonstrate the existence of a full and fair adversary hearing regarding Appellant Stein's discrimination defenses. Rather, the record appears to be quite similar to the "virtually barren" record discussed in *Vella*, which precluded any res judicata effect on subsequent litigation regarding the issue of fraud raised by the tenants in the prior unlawful detainer action. *Id.* at 258, 142 Cal.Rptr. 414, 572 P.2d 28. For instance, like *Vella*, the trial length of the unlawful detainer action appears to have been quite short, *i.e.,* "[a] [f]ew [h]ours." Further, like *Vella*, there is only a "sparse record" which fails to show "either the precise nature of the factual issues litigated, or the depth of the court's inquiry." *Id.* In other words, there is no concrete record suggesting that Appellant Stein's discriminatory affirmative defenses were fully and fairly litigated. While the decision in *Wood v. Herson* demonstrates that in certain circumstances an unlawful detainer proceeding can provide for res judicata and collateral estoppel effect on subsequent litigation, this case does not fall within its scope. 39 Cal. App.3d 737, 114 Cal.Rptr. 365 (1974). Unlike *Wood*, where "[a] lengthy and comprehensive superior court record replete with precise findings of fact" existed, *Vella*, 20 Cal.3d at 256, 142 Cal.Rptr. 414, 572 P.2d 28, the instant case leaves much to the imagination in terms of whether Appellant Stein's discriminatory affirmative defenses were fully and fairly litigated.[1]

Lastly, we reject the Appellees' argument that the Appellants were afforded a full and fair adversary hearing on the discrimination issues because of Appellant Stein's failure to raise the discrimination defenses on appeal to the Appellate Division. This argument ignores that unlawful detainer actions possess limited res judicata effect absent a sufficient record suggesting to the contrary. *Vella*, 20 Cal.3d at 255, 142 Cal.Rptr. 414, 572 P.2d 28. Based upon the circumstances and limited record of the unlawful detainer action in the Superior Court, the district court erred in finding res judicata and collateral estoppel available to bar Appellants' FHA action.

## CONCLUSION

The district court erred in finding res judicata and collateral estoppel available to bar Appellants' FHA action against Appellees. The unlawful detainer proceedings lack any final judgment upon which to rely and the record of the proceedings before the Superior Court is insufficient to demonstrate the existence of a full and fair adversary hearing provided to Appellant Stein. Accordingly, we reverse the district court's judgment and remand.

**REVERSED AND REMANDED.**

---

1. In *Wood*, the length of the trial, *i.e.,* seven days, the extensive scope of discovery performed, the quality of the evidence and the general character of the proceedings supported the existence of a full and fair hearing of the issues raised before the unlawful detainer court. 39 Cal.App.3d at 742, 745, 114 Cal.Rptr. 365.