Filed 7/17/14  Johnson et al. v. JP Morgan Chase Bank CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WES W. JOHNSON, KEN ERISMAN AND MARIE ERISMAN, <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> JP MORGAN CHASE BANK, <br><br> Defendant and Respondent. | 2d Civil No. B250227 <br> (Super. Ct. No. CV100342) <br> (San Luis Obispo County) |

Wes W. Johnson, Ken Erisman, and Marie Erisman appeal from the judgment entered after the trial court sustained, without leave to amend, a demurrer filed by JP Morgan Chase Bank, N.A., respondent.  Appellants resided on property owned by Johnson.  After Johnson defaulted on a loan secured by a deed of trust on the property, respondent bought the property at a trustee's sale and filed an unlawful detainer action against appellants.  The unlawful detainer action was dismissed with prejudice, and respondent did not appeal.  In the instant action appellants claim that, pursuant to principles of res judicata, the unlawful detainer judgment conclusively establishes that the deed of trust was void and that respondent did not acquire valid title to the property.  We disagree and affirm.

*The Operative Complaint in the Instant Action*

In October 2012 appellants filed a second amended verified complaint (the complaint) against respondent. The complaint consisted of three causes of action: quiet title, cancellation of instruments, and wrongful foreclosure. The complaint alleged: Appellant Johnson was the owner of property in Pismo Beach. Respondent was the beneficiary under a deed of trust on the property. Respondent "wrongfully caused the trustee under the Deed of Trust to conduct the illegal, fraudulent, and willfully oppressive sale of the Property . . . ." Respondent purchased the property at the sale. After the sale, respondent filed an action against appellants "alleging ownership of the Property and seeking possession" (the unlawful detainer action). Appellant Ken Erisman is Johnson's stepfather, and appellant Marie Erisman is his mother. "At all times relevant to this action, they also resided in the home located on the Property."

The complaint further alleged: Appellants' answer to the unlawful detainer action "alleged as [their] Second Affirmative Defense that the Deed of Trust had been voided, and as their Fifth Affirmative Defense that [respondent's] title to the Property . . . had been obtained by fraud." In August 2009 respondent voluntarily dismissed the unlawful detainer action without prejudice. In October 2009 the trial court vacated the dismissal without prejudice and ordered that the action be dismissed with prejudice. "The order dismissing the [unlawful detainer action] with prejudice . . . is the equivalent of a judgment on the merits barring any future action on the same subject matter." It therefore constitutes "a final and conclusive determination" that "the Deed of Trust had been voided prior to the alleged acquisition of title by [respondent]. Consequently, [respondent] could not have acquired title to the Property by virtue of an alleged foreclosure sale and the Trustee's Deed. It has no right to possession of the Property and holds no title, legal or equitable to it." "Johnson was, and is, the vested owner of fee simple title to the Property."

*The Demurrer*

Respondent demurred to the complaint. In support of its demurrer, respondent requested that the trial court take judicial notice of various documents filed in the

.2

unlawful detainer action and a related federal action. Appellants objected to taking judicial notice of documents in the federal action. The court took judicial notice of the federal documents, but did not expressly rule on the request for judicial notice of the unlawful detainer documents. However, it impliedly granted this request because it referred to some of the unlawful detainer documents in its written ruling on the demurrer.

The federal and unlawful detainer documents included the following:

1. A "Trustee's Deed Upon Sale" showing that respondent purchased the property at a public auction on January 2, 2009.

2. The unlawful detainer complaint, filed on March 19, 2009.

3. Appellants' answer to the complaint, including affirmative defenses. The second affirmative defense alleges that respondent's "claim to possession of the Real Property is made pursuant to a deed of trust that was automatically voided by operation of law." The fifth affirmative defense alleges: "If [respondent] has title to the Real Property, it obtained title through fraud and deceit."

4. Appellants' trial brief in the unlawful detainer action. Appellants contended that the deed of trust was void because in December 2008, before the trustee's sale, Johnson gave notice that he was rescinding the loan agreement underlying the deed of trust. The notice was allegedly given pursuant to the federal Truth in Lending Act. (15 U.S.C. § 1601 et seq.) Appellants pointed out that Johnson had "filed a civil action in federal court to fully litigate this issue." They requested that "the Court issue an order staying [the unlawful detainer] action until the federal action is resolved and/or consolidating it with the federal action." Attached to the trial brief is Johnson's declaration stating that respondent's predecessor in interest, Washington Mutual Securities Corporation (WAMU), knew that the deed of trust was void and "knowingly conducted a fraudulent foreclosure sale." WAMU "was acquired by [respondent] after WAMU failed."

5. An order of the United States District Court, Central District of California, dismissing Johnson's second amended complaint in the federal action (case No. CV 09-4048 GAF (Ex)). The order, dated January 29, 2010, provides that "Johnson has not

.3

presently stated a claim for relief under federal law." The order granted him leave to amend.

6. Johnson's voluntary dismissal of the federal action without prejudice, dated June 3, 2010.

*Opposition to the Demurrer*

In support of their opposition to the demurrer, appellants requested that the trial court take judicial notice of an order dismissing the unlawful detainer action with prejudice. The order, dated October 22, 2009, notes that trial began on June 12, 2009. "On August 12, 2009, [respondent] unilaterally filed a request for dismissal, without prejudice . . . ." Code of Civil Procedure, section 581 "precludes [respondent] from unilaterally requesting a dismissal without prejudice once the trial had commenced." Accordingly, the court in the unlawful detainer action vacated the previously entered dismissal without prejudice and ordered that the action be dismissed with prejudice.

Appellants also requested that the trial court take judicial notice of the reporter's transcript of proceedings conducted in the unlawful detainer action on July 10, 2009. The court expressly granted this request.

*Ruling on the Demurrer*

In its written ruling on the demurrer, the trial court declared: "The Court concludes that the substantive title issues were not actually litigated (either actually or by implication) in the [unlawful detainer] action. The dismissal of the . . . action by [respondent], albeit with prejudice, therefore, does not have a preclusive effect (either via claim preclusion or issue preclusion) on Johnson's title claims." "Johnson is seeking to use res judicata offensively rather than defensively, based upon a defense that was vaguely pleaded to [an unlawful detainer] complaint, and then later raised in a trial brief only as a basis for staying (not actually litigating) the merits of the case. Given these facts, [respondent] has therefore not had a 'fair opportunity to litigate' or a 'fair adversary hearing' within the meaning of *Vella* [*v. Hudgins* (1977)] 20 Cal. 3d [251,] 256-257."

.4

*Demurrer: Standard of Review*

"In reviewing a judgment following the sustaining of a demurrer without leave to amend, we decide de novo whether the complaint states facts sufficient to state a cause of action. [Citation.]" (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 381.) " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained . . . without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

*Vella v. Hudgins*

In sustaining the demurrer, the trial court relied on *Vella v. Hudgins*, *supra*, 20 Cal.3d 251. There, the plaintiff (Vella) brought an action to set aside a trustee's sale of her residence. The defendant (Hudgins) was the holder of a note secured by a deed of trust on the residence and the purchaser of the residence at the trustee's sale. Vella claimed that Hudgins had "fraudulently induced her to default on the note." (*Id*., at p. 253.)

After the trustee's sale, Hudgins brought an unlawful detainer action against Vella. In that action "Vella asserted as an affirmative defense the same allegations of fraud that form the basis for the present equity action [to set aside the trustee's sale] . . . . Judgment in the unlawful detainer suit was given for Hudgins and Vella was evicted." (*Id*., at p. 254.)

In the trial court "Hudgins unsuccessfully urged the unlawful detainer judgment as a bar to the present action. . . . [T]he [trial] court . . . concluded that Vella's default had been induced by Hudgin's fraud and ordered the property returned to Vella." (*Ibid*.)

"The Court of Appeal . . . reversed the trial court judgment solely on the ground that Vella's [affirmative defense] fraud claim had been conclusively adjudicated [against her] in the prior unlawful detainer proceeding . . . ." (*Ibid*.)

Our Supreme Court determined that the Court of Appeal had erred. It noted that an unlawful detainer "proceeding is summary in character" and "that, ordinarily, only claims bearing directly upon the right of immediate possession are cognizable [citations] . . . ." (*Id*., at p. 255.) The Supreme Court continued: "[A]ffirmative defenses . . . are permissible only insofar as they would, if successful, 'preclude removal of the tenant from the premises.' [Citations.]" (*Ibid*.) As a general rule, "title cannot be tried in unlawful detainer. . . ." (*Ibid*.) But there is an exception to this rule which "provides for a narrow and sharply focused examination of title." (*Ibid*.) The exception is that, "[t]o establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter 'duly perfected' his title. [Citation.]" (*Ibid*.) On the other hand, " 'full and fair' litigation of an affirmative defense - even one not ordinarily cognizable in unlawful detainer, if it is raised without objection, and if a fair opportunity to litigate is provided - will result in a judgment conclusive upon issues material to that defense." (*Id*., at pp. 256-257.)

The Supreme Court concluded: "In the absence of a record establishing that the claim was asserted and that the legal and factual issues therein were fully litigated, we conclude that the question of fraudulent acquisition of title was not foreclosed by the adverse judgment in the earlier summary [unlawful detainer] proceeding." (*Id*., at p. 258.)

*The Demurrer Was Properly Sustained Without Leave to Amend*

The trial court did not err in sustaining the demurrer without leave to amend. Appellants' affirmative defenses that the "deed of trust . . . was automatically voided by operation of law" and that respondent "obtained title through fraud and deceit" were not fully and fairly litigated in the unlawful detainer action. Appellants did not want them litigated in that action. In their trial brief appellants argued: "Because of its summary

.6

character, an unlawful detainer action is not a suitable proceeding for the trial of complicated ownership issues involving allegations of fraud . . . ." "Given that unlawful detainer action is not the correct forum to determine the issue of a fraudulent conveyance," appellants requested that the unlawful detainer action be stayed until the resolution of the federal action or that it be consolidated with the federal action.

We have reviewed the reporter's transcript of the unlawful detainer proceedings conducted on July 10, 2009. The merits of the affirmative defenses were not litigated on that date. The trial judge believed that his court was not the appropriate forum for such litigation: "My question is, why should I listen to it in this forum where the only issue is possession when you can go to federal court. If you win the case, you're going to end up having them buy back the property with a whole lot more on top of that. So, you know, I'm really having trouble understanding why I should be litigating this here in this court." The judge continued: "At this point, I want to hear testimony on the UD [unlawful detainer], because it's apparent to me that the whole issue with respect to [appellants' request for a] stay in this case is going to be determined by what happens on the UD." "[I]f you convince me that we can't do the UD on this today, then I might be willing to issue a stay and give you some opportunity to litigate this in federal court."

The unlawful detainer court heard testimony from Johnson. He testified that two and one-half or three years earlier, he had refinanced the loan on his home. In December 2008, before the trustee's sale and after he was in default, Johnson notified WAMU that he was rescinding the refinanced loan. Johnson claimed that the notice was valid because, when he refinanced the loan, he was not given a required notice that he had three days in which to rescind the loan. Johnson was unaware of this notice requirement until December 2008, when a loan broker informed him about it.

After Johnson's testimony, the trial court continued the matter to August 14, 2009, to allow the parties time to provide relevant documentation. As previously discussed, on August 12, 2009, respondent voluntarily dismissed the unlawful detainer action without prejudice. The trial court vacated this dismissal and ordered that the action be dismissed with prejudice.

.7

Based on the above record, we cannot conclude that respondent was "afforded . . . a full and fair opportunity to litigate" the affirmative defenses in the unlawful detainer action. (*Vella v. Hudgins*, *supra*, 20 Cal.3d at p. 257.) As the trial court noted during the proceedings on July 10, 2009, it was considering whether to grant appellants' request to stay the unlawful detainer action so that they could litigate the ownership and fraud issues in federal court. In any event, these issues were not "fully and fairly disposed of" in the unlawful detainer action. (*Id*., at p. 256.) "In the absence of a record establishing" that "the legal and factual issues" raised by the affirmative defenses "were fully litigated, we conclude that the question of fraudulent acquisition of title [or of Johnson's rescission of the deed of trust] was not foreclosed by the adverse judgment in the earlier summary [unlawful detainer] proceeding." (*Id*., at p. 258.)

*Disposition*

The judgment is affirmed. Respondent shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.

We concur:



GILBERT, P.J.



PERREN, J.

.8

Charles S. Crandall, Judge

Superior Court County of San Luis Obispo

_____


James H. Seyour, for Appellants.


John M. Sorich,  S. Christopher Yoo, Thomas S. Van, Jacob . Clark, Alvaradosmith, for Respondent.