NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN WIERZBA, | No. 17-15325 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-02282-JSW |
| v. | |
| JILL N. JAFFE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Steven Wierzba appeals pro se from the district court's judgment dismissing

his action alleging various federal and state law foreclosure related claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the

basis of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1022, 1025 (9th Cir. 2005).  We affirm.

The district court properly dismissed Wierzba's action as barred by the doctrine of res judicata because his claims were raised, or could have been raised, in his two prior federal court actions and the state court unlawful detainer action that resulted in final judgments.  *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (factors for applying federal rule for res judicata); *Vella v. Hudgins*, 572 P.2d 28, 30 (Cal. 1977) (unlawful detainer judgments have claim preclusive effect on subsequent actions challenging validity of title); *see also* Cal. Civ. Proc. Code § 1161a(b)(3) (unlawful detainer action permitted where property was acquired through a sale made in accordance with Section 2924 of the California Civil Code).

We reject as meritless Wierzba's contentions regarding defendant Quality Loan Service Corporation's alleged default.

We do not consider arguments not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**