Filed 6/30/21  MCB Valley Properties v. Etter CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MCB VALLEY PROPERTIES, LLC ET AL., <br><br>     Defendants and Appellants, <br><br> v. <br><br> MARY V. ETTER, Individually and as Trustee of the MARY V. ETTER TRUST, ET AL., <br><br>     Plaintiffs and Respondents. | A161159 <br><br> (Humboldt County <br>  Super. Ct. No. CV2000752) |

Defendant MCB Valley Properties, LLC (MCB) leased ranch property from plaintiffs Mary V. Etter, Mary S. Etter, and the Mary V. Etter Trust (collectively, the Etters).[1]  The lease contains two provisions that are seemingly at odds.  One allows the Etters "to proceed by appropriate judicial proceedings" for certain violations of the lease.  The other states that "[a]ny unresolved controversy or claim arising out of or relating to this Lease shall be submitted to arbitration."  After MCB allegedly failed to pay rent and otherwise violated the lease, the Etters brought this unlawful detainer proceeding.  Relying on the second provision, MCB sought to compel

---

[1] Future references to MCB include defendant Greenfield Farm Holdings LLC, which allegedly subleased all or a portion of the ranch from MCB.

1

arbitration, which the trial court denied.  MCB appeals from the denial, and we affirm.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

The Etters own a ranch in Honeydew.  In June 2018, they leased the ranch to MCB for agricultural purposes, including growing commercial cannabis.  A couple of years later, the Etters sent MCB two notices of default in accordance with the terms of the lease.  The first notified MCB that it was in violation of the lease for allowing vegetation to become overgrown and failing to maintain buildings and other improvements.  The second notified MCB that it was in violation of the lease for not paying rent, taxes, and utilities totaling over $178,087.

After MCB allegedly failed to cure the violations, the Etters filed this unlawful detainer action.  In response, MCB moved to compel arbitration, relying on section 30(g) of the lease.  Section 30 is titled "Miscellaneous," and paragraph (g) provides that "[a]ny unresolved controversy or claim arising out of or relating to this Lease shall be submitted to arbitration."

The trial court denied the motion based on sections 21 and 22 of the lease.  Section 21 describes "Events of Default."  One such event is the tenant's failure to pay rent within 10 days after being given notice of non-payment.  Other such events include the tenant's failure to timely perform or observe other lease terms, conditions, and covenants without beginning to rectify the failure within 30 days after being given notice.

Section 22 is entitled "Remedies," and paragraph (a) explains that certain provisions apply if the lease "is terminated pursuant to Section 21 or if Landlord reenters or obtains possession of the Premises by summary proceedings or any other legal action or proceeding."  Paragraph (c) states

2

that the "Landlord may elect to proceed by appropriate judicial proceeding, either at law or in equity, to enforce the performance or observance by Tenant of the applicable provisions of this Lease and/or to recover damages for breach thereof. Each right and remedy of Landlord provided for in this Lease shall be cumulative and shall be in addition to every other right or remedy provided for in this Lease[,] . . . and the exercise . . . by Landlord of any one or more of the rights or remedies provided for in this Lease . . . shall not preclude the simultaneous or later exercise by Landlord of any or all other rights or remedies provided for in this Lease."

In giving effect to section 22(c), the trial court found that "[b]y the very terms of the lease, [the Etters] reserved the right to initiate eviction proceedings and this is specifically identified in the REMEDIES section of the agreement." As an alternative ruling, the court suggested that section 30(g)'s arbitration clause was unenforceable because the court did "not find that the . . . clause complies with California law, nor does the Court find that this is an issue tied to interstate commerce which would potentially make the Federal Arbitration Act [FAA] applicable." MCB appealed the denial of its motion to compel arbitration.

## II.
## DISCUSSION

This case turns on whether the trial court correctly interpreted the terms of the lease to permit the Etters to bring this unlawful detainer action without arbitrating the dispute. We conclude it did.[2]

We review questions of contract interpretation de novo. (*Thee Aguila, Inc. v. Century Law Group, LLP* (2019) 37 Cal.App.5th 22, 27.) Specifically,

---

[2] In light of this conclusion, we need not resolve the parties' extensive arguments over whether the trial court correctly found that section 30(g)'s arbitration clause was unenforceable because it did not comply with

3

whether a contract includes an enforceable arbitration provision is a question of law reviewed de novo when, as here, the parties did not present conflicting extrinsic evidence regarding the contract's meaning.  (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 60.)

In applying this standard, we are guided by several legal principles. First, contract terms are interpreted to be given effect, and terms that are in tension must be harmonized whenever possible.  Under Civil Code section 1641, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."  This directive is premised on the idea that " '[g]enerally the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement, and this purpose should not be thwarted except in the plainest case of necessary repugnance.  Even where different parts of the instrument appear to be contradictory and inconsistent with each other, the court will, if possible, harmonize the parts and construe the instrument in such way that all parts may stand and will not strike down any portion unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part.' "  (*Southern Pacific Land Co. v. Westlake Farms, Inc.* (1987) 188 Cal.App.3d 807, 822.)

We are also guided by the principle that there is " ' " 'no policy compelling a person to accept arbitration of controversies which they have not agreed to arbitrate.' " ' "  (*RN Solution, Inc. v. Catholic Healthcare West*

California and/or federal law.  (See *Tiri v. Lucky Chances, Inc.* (2014) 226 Cal.App.4th 231, 239–240 [federal and state law on the enforceability of arbitration agreements are similar].)  Accordingly, we deny MCB's request for judicial notice of various materials it claims are relevant to whether the FAA applies to the lease, as they are unnecessary to the resolution of this appeal. (See *JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 174.)

(2008) 165 Cal.App.4th 1511, 1523.)  Parties may agree to arbitrate some issues and not others.  (*Amalgamated Transit Union Local 1277 v. Los Angeles Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 673, 688; *Kroll v. Doctor's Associates, Inc.* (7th Cir. 1993) 3 F.3d 1167, 1171.) "[E]ven if a court finds that the parties have agreed to arbitrate *some* disputes it must find, to order arbitration, that the parties have agreed to arbitrate the dispute in issue."  (*Century Indem. Co. v. Certain Underwriters at Lloyd's, London* (3d Cir. 2009) 584 F.3d 513, 523.)

With these principles in mind, we turn to consider the relevant lease provisions here.  As we have said, section 22(c) provides that the Etters "may elect to proceed by appropriate judicial proceedings, either at law or in equity, to enforce the performance or observance by [MCB] of the applicable provisions of this Lease."  The Etters may so elect "[i]f this Lease is terminated pursuant to Section 21 [i.e., upon a notice of default and failure to cure] or if [the Etters] reenter[] or obtain[] possession of the Premises by summary proceedings or any other legal action."  The trial court found, as a matter of contract interpretation, that these provisions give the Etters the right to initiate eviction proceedings without first resorting to arbitration notwithstanding section 30(g)'s arbitration provision.  We agree.

It is true that section 30(g) states that "[a]ny unresolved controversy or claim arising out of or relating to this Lease shall be submitted to arbitration."  But we agree with the trial court that the lease as a whole cannot be interpreted to mandate arbitration for eviction proceedings.  Such an interpretation would completely negate the Etters' rights under section 22(c) to seek a remedy through an "appropriate judicial proceeding." If, as MCB insists, section 30(g) requires arbitration of all disputes, no dispute whatsoever would fall within the ambit of section 22(c).  Such an

5

interpretation would completely foreclose the Etters from seeking any remedy for any violation through a judicial proceeding. This cannot have been the parties' intent.

Such an interpretation would also render meaningless section 22(a)'s reference to the possibility of the Etters "reentering or obtaining possession of the Premises by summary proceedings." The phrase clearly contemplates the possibility of summary judicial proceedings, which would be categorically unavailable under MCB's interpretation. An unlawful detainer action is "summary in character[, and] ordinarily, only claims bearing directly upon the right of immediate possession are cognizable." (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255.) We have no basis to conclude that the parties included the language of sections 22(c) and 21(a) in the lease but wanted those provisions to have no meaning or effect. As we have said, a court "must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative[,] or meaningless." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 473.)

MCB claims in its reply brief that section 30(g) should apply to all disputes because it contains the mandatory term "shall," while section 22(c) contains the permissive term "may." MCB argues that *Benihana of Tokyo, LLC v. Benihana Inc.* (S.D.N.Y. 2014) 73 F.Supp.3d 238 (*Benihana*) is on point and "completely applicable." The case does not aid MCB. In *Benihana*, the court interpreted a contract term that stated "a party 'may' elect to submit a dispute to binding arbitration." (*Id.* at p. 249.) The term applied equally to both parties, and the court unsurprisingly interpreted it to mean that, while neither party was *obligated* to initiate arbitration, once a party initiated arbitration, the other party could not "neutralize that choice by

6

insisting on litigating in court." (*Ibid.*)  One of the reasons for the court's conclusion was that a contrary interpretation—i.e., one that would require the consent of both parties to arbitrate—would leave the arbitration provision meaningless, and " '[a]n interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless is not preferred and will be avoided if possible.' " (*Id.* at p. 250.)

Unlike the contract term in *Benihana*, section 22(c) does not apply equally to both parties.  It confers a right on the Etters.  It states, "Landlord may elect to proceed by appropriate judicial proceedings, either at law or in equity, to enforce the performance or observance by Tenant of the applicable provisions of this Lease and/or to recover damages for breach thereof." MCB's view that, notwithstanding this language, section 30(g) requires the Etters to proceed by arbitration would render section 22(c) superfluous and meaningless.  As *Benihana* reminds us, such a result should be avoided.  And if anything, *Benihana*'s holding actually supports the Etters' interpretation of the lease.  *Benihana* held that once a party elected to proceed with an arbitration (under the term stating that the party "may" so elect), the other party could not "neutralize that choice by insisting on litigating in court." (*Benihana*, *supra*, 73 F.Supp.3d at p. 249.)  Applying this holding here means that once the Etters elected to proceed with a judicial proceeding (under section 22, which states that they "may" so elect), MCB could not neutralize that choice by insisting on arbitration.

In its reply brief, MCB also insists that the parties "intended that the arbitration clause prevail."  More specifically, it says, "The parties intended to use arbitration as a means to deal with any unresolved issues concerning the Lease, including non-payment of rent or an unlawful detainer action." But these statements are no more than conclusory assertions that do nothing

7

to explain why the parties included section 22(c) if it has no meaning or effect. We agree with the trial court that it makes more sense to harmonize section 22(c) with section 30(g) by concluding that arbitration is not mandated for unlawful detainer proceedings, even if it may be mandated for other disputes.

We need not decide here the types of other disputes that might be subject to section 30(g)'s arbitration provision. We simply conclude that section 22(c) authorized the Etters to bring this unlawful detainer action without having first proceeded with an arbitration. In light of this conclusion, we need not resolve the parties' arguments about whether the arbitration of an unlawful detainer proceeding supports or undermines considerations of public policy.

III.
DISPOSITION

The trial court's order denying MCB's motion to compel arbitration is affirmed. The Etters are awarded their costs on appeal.

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Sanchez, J.


*MCB Valley Properties, LLC et al. v. Etter et al.*  A161159