Filed 11/20/24  Acord v. Linde CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ANGELA ACORD,<br>    Plaintiff and Appellant,<br>v.<br>MARGARET LINDE et al.,<br>    Defendants and Respondents. | A169016<br><br>(Lake County Super. Ct.<br>No. CV423628) |

Angela Acord appeals from the trial court's order sustaining a demurrer — on issue preclusion grounds — to her complaint for quiet title of real property in Middletown (the property).[1]  The court reasoned Acord actually litigated, and another court necessarily decided, the identical issue here — whether a promissory note had been satisfied such that sale of the property to Margaret Linde after a nonjudicial foreclosure was invalid — in an previous unlawful detainer action.  We conclude Acord did not have a full and fair opportunity to litigate this issue in the unlawful detainer proceeding so we reverse and remand.

---

[1] Respondents are Margaret Linde and Robert Malcolm Dunshee. Redwood Trust Deed Services, Inc. (Redwood Trust) was a defendant below but not a party on appeal.  Although the parties and the trial court refer to "collateral estoppel," we use "issue preclusion."  (*Samara v. Matar* (2018) 5 Cal.5th 322, 326 [identifying preferred terminology regarding the law of preclusion].)

1

## BACKGROUND

Acord owned the property in Middletown. In January 2019, Acord signed a deed of trust using the property as security for a $60,000 loan (promissory note) from Dunshee. She made three monthly interest payments and then stopped paying for more than two years. Around December 2020 and January 2021, she discussed selling the property to Linde. Linde agreed to purchase it, with a portion of the purchase amount to be applied toward the promissory note.

Meanwhile, Dunshee was paid an agreed settlement amount of $55,000 for the outstanding debt in March or April of 2021. In March 2021, Redwood Trust executed a reconveyance of the deed of trust, noting it "has been paid." Specifically, Dunshee provided a written request to reconvey the deed of trust "by reason of the satisfaction of the obligations secured by said Deed of Trust." Acord, however, did not record the deed of reconveyance.

In January 2022, Dunshee nonetheless assigned to Linde, in a recorded document, all his rights under his deed of trust to the property. He also executed a rescission of the reconveyance of the deed of trust. Linde thereafter commenced a nonjudicial foreclosure. Redwood Trust recorded a formal notice of default and election to sell the property, and it sold the property to Linde.

Linde filed a complaint for unlawful detainer, alleging she owned the property based on a trustee's sale after foreclosure and Acord failed to vacate the property after being served a notice to quit. (Code Civ. Proc., § 1161a.) Acord alleged Linde's complaint was retaliatory and Linde did not possess lawful title because the promissory note, upon which the foreclosure was based, was previously and timely paid in full to Dunshee, extinguishing any

2

power of sale. The day before the unlawful detainer hearing, Acord filed a complaint against respondents, seeking to quiet title.

At the start of the December 2022 unlawful detainer proceeding, Acord sought a continuance and a long cause hearing given her quiet title complaint and to allow her to subpoena Redwood Trust's president. The court denied the request. Throughout the proceeding, Acord attempted to argue the promissory note had been satisfied before foreclosure, thus invalidating the sale of the property. But the court explained, "we are proceeding purely on the unlawful detainer proceeding," and it did not allow inquiry into defects regarding title. All that Linde needed to prove, the court noted, was whether the sale was in compliance with Civil Code former section 2924 — governing the requirements prior to sale of property with a deed of trust — and whether Linde perfected title. The court explained that issues outside of that scope "can and will be litigated at another forum on that case that was filed," but they would not be heard in the unlawful detainer proceeding.

Acord's attempts to nonetheless elicit this information or information about the reconveyance of the deed of trust prompted relevance objections by Linde's counsel, which were sustained by the court. Acord's opening statement tried to explain her affirmative defense, but the court reiterated that questions about the debt's satisfaction would not be allowed. Despite this, the court found the debt had *not* been satisfied, there was no credible evidence of retaliatory eviction, and granted Linde possession of the property.

Then, in March 2023, respondents demurred to Acord's quiet title complaint, arguing she had already litigated, and the court in the unlawful detainer proceeding necessarily decided, whether she satisfied the promissory note so as to render any foreclosure and subsequent sale of the property

invalid. The trial court agreed, sustained the demurrer without leave to amend, and dismissed the complaint.

## DISCUSSION

Acord contends the trial court erred by sustaining respondents' demurrer because she did not actually litigate, and the court in the unlawful detainer proceeding did not necessarily decide, whether she satisfied the promissory note secured by the property. We agree.

We review de novo an order sustaining a demurrer. (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.) "We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded," judicially noticed matters, and exhibits to the complaint. (*Ibid.*) Acord bears the burden of demonstrating the sustaining of the demurrer was error. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

"Issue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824, italics omitted.) It applies after the final adjudication of an identical issue that was actually litigated and necessarily decided in the first suit and asserted in a subsequent suit against a party to the first suit or in privity with the party.[2] (*Samara v. Matar*, *supra*, 5 Cal.5th at p. 327.)

Unlawful detainer judgments generally have limited preclusive effect on questions of title because they are summary proceedings normally limited to resolving questions of possession. (*Vella v. Hudgins* (1977) 20 Cal.3d 251,

---

[2] There is no dispute that the issue in the unlawful detainer and quiet title actions is identical, that the unlawful detainer proceeding ended in a final judgment, and that the party against whom issue preclusion is asserted was a party to the unlawful detainer proceeding.

4

255 (*Vella*); *Malkoskie v. Option One Mortgage Corp.* (2010) 188 Cal.App.4th 968, 973.) As relevant here, unlawful detainer is available against a person holding over possession after the property has been sold under a power of sale in a deed of trust. (Code Civ. Proc., § 1161a, subd. (b)(3) [requires the property to have been used as security for the performance of an obligation in default, and title to have been duly recorded].) In that instance, there is a "narrow and sharply focused examination of title" — a purchaser plaintiff must establish the proper acquisition of the property at a regularly conducted sale and perfection of the title. (*Vella*, at p. 255.) A judgment from an unlawful detainer case involving these circumstances bars subsequent quiet title suits based on the same allegations. (*Id.* at pp. 255–256.) And "when litigants to an unlawful detainer proceeding fully try other issues besides the right of possession, the unlawful detainer judgment is conclusive as to those other litigated issues." (*Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1371; *Wood v. Herson* (1974) 39 Cal.App.3d 737, 739–740, 748 [litigation of affirmative defense of fraud in unlawful detainer proceeding precluded subsequent suit for specific performance of contract to convey property based on identical fraud allegations].)

Issue preclusion applies "if the party to be bound agreed expressly or impliedly to submit an issue to prior adjudication" and "had a full and fair opportunity to litigate" under "circumstances affording due process protections." (*Ayala v. Dawson* (2017) 13 Cal.App.5th 1319, 1327.) Determining whether the parties actually litigated the issue requires examining the pleadings and the proof. (*Id.* at p. 1330.) The issue must be properly raised by the pleadings or otherwise, submitted for a determination, and actually determined. (*Ibid.*) Courts examine the length and thoroughness of the unlawful detainer proceedings, and the scope of discovery

5

by the parties, when assessing whether essential issues were fully and fairly litigated and determined. (*Wood v. Herson*, *supra*, 39 Cal.App.3d at pp. 740, 742, 745.) But where the record offered in support of issue preclusion is sparse — no transcript, no findings of facts or conclusions of law made — and fails to show "either the precise nature of the factual issues litigated, or the depth of the court's inquiry," courts have declined to assume the parties had an adequate opportunity to litigate a particular issue. (*Vella*, *supra*, 20 Cal.3d at p. 258.)

In the unlawful detainer proceeding here, Acord pled an affirmative defense that she timely and fully paid Dunshee the amount owed in the promissory note secured by the property, thus extinguishing any power of sale. While Linde is correct that the record presents more than " 'the mere pleading of a defense,' " it does not reflect Acord had full and fair opportunity to litigate the issue. (*Ayala v. Dawson*, *supra*, 13 Cal.App.5th at p. 1329.) The court expressly confined the hearing to issues regarding whether the sale complied with Civil Code former section 2924 and whether title was perfected. Moreover, it prohibited Acord from raising other issues regarding the validity of the trust deed or other defects in Linde's title, particularly any inquiry into whether the promissory note had been satisfied before the sale. Those issues, the court told Acord, "can and will be litigated at another forum." Though she repeatedly *attempted* to litigate her defense, Linde's counsel successfully interposed relevance objections, and the court ruled it would not "allow that line of questioning" and that Acord's arguments would be dealt with in her quiet title complaint. On this record, we cannot say the court fully entertained Acord's challenge to the title derived from the foreclosure sale.

6

Linde chose not to "waive speedy resolution of the issue of possession in favor of an extensive adjudication" of the conflicting claims to title. (*Vella*, *supra*, 20 Cal.3d at p. 257.) Acord asked to continue the unlawful detainer proceeding because she filed a quiet title action based on her alleged satisfaction of the promissory note. (*Martin–Bragg v. Moore* (2013) 219 Cal.App.4th 367, 387 [court may treat unlawful detainer suit as ordinary civil action rather than summary proceeding where complex issues of title are raised].) Linde successfully opposed a continuance, in part, by arguing the unlawful detainer action was about possession, which precludes challenges to title. And her counsel repeatedly objected on relevance grounds when Acord's counsel attempted to ask Linde or Dunshee questions regarding the promissory note. (*Vella*, at pp. 256–257 [" 'full and fair' litigation of an affirmative defense . . . if it is raised without objection, and if a fair opportunity to litigate is provided . . . will result in a judgment conclusive upon issues material to that defense"].) In doing so, Linde's counsel emphasized the only relevant issue was whether the proper notices were provided.

Nor was the quality of evidence offered at the unlawful detainer proceeding detailed. (*Wood v. Herson*, *supra*, 39 Cal.App.3d at p. 742.) To support her request for a continuance, Acord noted she needed additional time to subpoena witnesses, such as the president of Redwood Trust. She also sought judicial notice of the deed of reconveyance. The trial court denied both requests. It also prohibited Acord from asking Dunshee about Linde's payments to him and their effects, all of which would be relevant to the question of whether the foreclosure sale had a lawful and factual basis. The court also sustained Linde's relevance objections to questions about Dunshee's rights under the promissory note after receiving payments from

Linde and Acord,  whether Dunshee received payments other than Linde's, whether Dunshee received any payments from Acord, and any questions regarding the rescission of reconveyance.  While some such evidence regarding the promissory note was allowed by the court and it found the debt had not been satisfied, we cannot conclude Acord's ability to present evidence was "fulsome and unrestricted." (*Ayala v. Dawson*, *supra*, 13 Cal.App.5th at p. 1330.)

In sum, Acord did not have a full and fair opportunity to litigate whether she satisfied the promissory note before the foreclosure sale. We express no opinion about the merits of her defense, but she is entitled to her day in court to litigate it.  Because all the elements of issue preclusion are not satisfied, we conclude litigation of the issue in the quiet title action is not foreclosed by the adverse judgment in the unlawful detainer proceeding.  (*Vella*, *supra*, 20 Cal.3d at p. 258; *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1201, fn. 1.)

## DISPOSITION

The judgment is reversed, and we remand the matter for further proceedings consistent with our opinion.  Acord shall recover her costs on appeal.

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A169016; *Acord v. Linde et al.*

9