**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA BEVERLY, individually and on behalf of all others similarly situated, | No.    17-55557 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-01928-DOC-KES |
| v. | |
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, a New York corporation, as Trustee for the Certificate-holders of the The CWABS, Inc. Asset-Backed Certificates, Series 2005-16; DITECH FINANCIAL LLC, FKA Green Tree Servicing; DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 10, 2018**
Pasadena, California

Before:  HURWITZ and OWENS, Circuit Judges, and PRESNELL,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Gregory A. Presnell, United States District Judge for

Patricia Beverly bought a house in 2005, executing a promissory note (the "Note") and a deed of trust (the "Deed of Trust") secured by the property. Her complaint alleges that in 2011 the Note and Deed of Trust were purportedly transferred to Defendant Bank of New York Mellon ("BONY") as trustee for a Real Estate Mortgage Investment Conduit ("REMIC") trust. In 2014, she further alleges, BONY purported to substitute MTC Financial, Inc., d/b/a Trustee Corps ("Trustee Corps"), for itself as trustee under the Deed of Trust. After Beverly defaulted, BONY instructed Trustee Corps to initiate foreclosure proceedings, which resulted in the November 2015 sale of her house (to BONY) at public auction.

A REMIC trust is defined in the Internal Revenue Code as an entity "substantially all of the assets of which consist of qualified mortgages and permitted investments." 26 U.S.C. § 860D(a)(4). The Code defines "qualified mortgage" as any obligation principally secured by an interest in real property and which is transferred to or purchased by the REMIC trust within certain specified time frames. 26 U.S.C. § 860G(a)(3).

In 2016, Beverly filed a putative class action, arguing that the 2011 transfer failed because it occurred years too late for the Deed of Trust to meet the requirements to be a "qualified mortgage," and therefore its transfer into the

the Middle District of Florida, sitting by designation.

2

REMIC trust was precluded both by the terms of that trust's Pooling and Servicing Agreement ("PSA") and by the Internal Revenue Code. Because the transfer failed, her argument continues, BONY never had authority to initiate the foreclosure proceedings. In the alternative, she argues that the foreclosure was improper because of various problems with foreclosure-related documents, such as notary signatures and notices of default that (wrongly, in her view) showed BONY as the beneficiary of the Deed of Trust. She asserted one claim for wrongful foreclosure and another for violation of California's Homeowner Bill of Rights, Cal. Civ. Code §§ 2920-2924 (the "HBOR").[1]

BONY and its co-defendant, Ditech Financial LLC, f/k/a Green Tree Servicing ("Ditech"), filed a Rule 12(b)(6) motion, arguing that Beverly's claims were barred by *res judicata* based on an earlier unlawful detainer action and that she lacked standing to challenge the 2011 transfer to BONY. The district court rejected the *res judicata* argument but found that Beverly lacked standing and therefore dismissed her claims with prejudice. Beverly timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and we review a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*. We affirm.

---

[1] Beverly also asserted claims under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32, and California's unfair competition statute, Cal. Bus. & Prof. Code §§ 17200-17210, but she does not challenge the dismissal of these claims on appeal.

After the foreclosure but before the filing of this action, BONY filed an unlawful detainer action against Beverly. She stipulated to an entry of judgment in favor of BONY on October 26, 2016. The district court found that *res judicata* did not apply because the issues resolved in the unlawful detainer action did not encompass Beverly's failed-transfer theory. *See Vella v. Hudgins*, 572 P.2d 28, 30 (Cal. 1977) (noting that unlawful detainer action "is summary in character," that "ordinarily, only claims bearing directly upon the right of immediate possession are cognizable," and that, as a result, "judgment in unlawful detainer usually has very limited res judicata effect"). As an additional ground for affirmance on appeal, the Defendants argue that *res judicata* should have applied. However, they have made no showing that the failed-transfer issue was actually addressed in the unlawful detainer action. *See Vella*, 572 P.2d at 31 (finding exception to general rule of limited *res judicata* effect where essential issues of later action were "fully and fairly disposed of" in the unlawful detainer action). We find no error in the district court's resolution of the *res judicata* issue.

The district court did not err in finding that Beverly lacked standing to pursue her wrongful foreclosure claim. In *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845, 859 (Cal. 2016), a wrongful foreclosure case, the California Supreme Court held that where a home loan borrower is not party to a transaction (such as the transfer of a deed of trust), she has standing to challenge it only where

4

the transaction at issue was void, rather than merely voidable. Relying on

*Yvanova*, the district court found that Beverly lacked standing because her

allegation that the transfer occurred too late to satisfy both the requirements of the

PSA and the Internal Revenue Code's definition of a "qualified mortgage" would

result at most in a transaction that was voidable, rather than void. *See, e.g.,*

*Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88-89 (2d Cir. 2014)

(holding that under New York law only the intended beneficiaries of a private trust

may enforce its terms and that unauthorized acts by trustees are generally subject

to ratification by its beneficiaries, making them voidable rather than void).[2] On

appeal, Beverly has not cited any case law suggesting that the district court

misconstrued New York law. Neither has Beverly, as the district court pointed out,

cited any case law showing that, as a matter of law, only qualified mortgages may

be transferred into a REMIC trust (thereby making such an attempted transfer void

rather than voidable).[3] *See also Mendoza v. JPMorgan Chase Bank, N.A.*, 212 Cal.

Rptr. 3d 1, 12-14 (Cal. Ct. App. 2016) (holding that late transfer of loan to REMIC

trust, which might jeopardize trust's favorable tax treatment, was voidable rather

than void).

---

[2]     The PSA for the REMIC trust here was governed by New York law.
[3]     As noted, the statutory definition of a REMIC trust only requires that it
"substantially" consist of qualified mortgages and permitted investments. 26
U.S.C. § 860D(a)(4).

5

The district court also found that Beverly lacked standing to challenge the foreclosure based on the alleged forgery of the notary signature on the 2014 document substituting Trustee Corps as trustee on the Deed of Trust, as that also would result, at most, in a voidable transaction. Beverly offers nothing to challenge this conclusion on appeal.[4]

The plaintiff in *Yvanova* did not assert any claims under the HBOR. Nonetheless, after finding that Beverly lacked standing under *Yvanova* to assert a wrongful foreclosure claim, the district court dismissed her HBOR claim as well. The HBOR does not itself provide a private right of action for homeowners to challenge wrongful foreclosures or failed assignments of their deeds of trust. However, § 2924.12(b) of the HBOR provides that, after a trustee's deed upon sale has been recorded, a mortgage servicer or trustee (among others) shall be liable to a borrower for actual economic damages resulting from a violation of enumerated provisions of the HBOR. Among those provisions are § 2924.17(a), which requires that foreclosure-related documents such as notices of sale "shall be accurate and complete and supported by competent and reliable evidence," and § 2924.17(b), which obligates mortgage servicers such as Ditech to review

---

[4]  Beverly alleged a third basis for the failure of the 2011 transfer – that the previous beneficiary lacked the authority to transfer beneficial interest in the Note and the Deed of Trust to BONY. This argument was rejected by the district court, and Beverly does not challenge that decision on appeal.

"competent and reliable evidence to substantiate … the right to foreclose." Beverly's complaint alleged that the notices of default and notices of sale recorded in connection with her foreclosure were not "accurate, complete, or supported by competent and reliable evidence" because they identified BONY as the beneficiary of the Deed of Trust. Beverly based this allegation on her contention that, because the Deed of Trust was not a "qualified mortgage," it could not have been transferred into the REMIC trust, meaning that BONY could not have gained a beneficial interest in it. Based on this same reasoning, Beverly alleged that Ditech failed to review competent and reliable evidence to substantiate BONY's right to initiate a foreclosure.

The district court did not specify the basis for its dismissal of Beverly's HBOR claim. But as the preceding discussion makes clear, the gist of Beverly's HBOR claim is that the Deed of Trust and Note were not transferred into the REMIC trust. She cannot raise these alleged problems with the foreclosure procedure – or, more precisely, she cannot establish that they caused her to suffer economic damages – without first challenging the 2011 transfer of the Deed of Trust and Note. Based on the reasoning of *Yvanova*, her lack of standing to attack the transfer in connection with a wrongful foreclosure claim is also fatal to her ability to attack that transfer in connection with an HBOR claim. As such, the district court did not err in dismissing the HBOR claim.

7

**AFFIRMED.**