Filed 6/28/21  Cui v. Secured Capital Limited Partnership CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PAUL CUI,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>SECURED CAPITAL LIMITED PARTNERSHIP et al.,<br><br>     Defendants and Respondents. | D078110<br><br><br>(Super. Ct. No. 37-2019-00041913-CU-FR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Reversed in part and affirmed in part.

Liu & Wakabayashi and Youjun Liu for Plaintiff and Appellant.

Mulvaney Barry Beatty Linn & Mayers, Patrick L. Prindle and George A. Rios III for Defendants and Respondents.

This appeal arises out of a commercial tenancy between tenant Paul Cui and landlord Secured Capital Limited Partnership (Secured Capital).  In a prior unlawful detainer action brought by Secured Capital against Cui, these parties entered into a stipulated judgment wherein Cui agreed to forfeit the lease, surrender possession of the commercial property by a date certain,

and pay rent at a designated rate for the months the parties litigated the unlawful detainer.

Cui then filed a new unlimited civil action against Secured Capital and its broker, El Dorado Properties, Inc. (collectively, defendants). He alleged breach of contract, intentional and negligent misrepresentation, concealment, and premises liability. Defendants moved for summary judgment or in the alternative, summary adjudication, arguing the stipulated judgment in the unlawful detainer action barred Cui's claims. The court agreed and granted summary judgment.

We reverse as to all claims except the premises liability claim. Because of the summary nature of an unlawful detainer proceeding, a judgment precludes a tenant's later claims only if those claims were fully and fairly litigated in the unlawful detainer proceeding. Under this rule, if the prior unlawful detainer action was resolved by a stipulated judgment, future claims between the parties are barred only to extent the stipulated judgment affirmatively shows the parties intended to resolve those claims. Here, the stipulated judgment did not contain any provisions stating the parties intended to litigate, resolve, or settle any claims or issues other than the right of immediate possession and amount of holdover rent. Thus, the court erred in granting summary adjudication on Cui's subsequent claims.

As to the premises liability claim, Cui did not challenge the court's ruling on this claim on appeal and therefore he forfeited his right to assert error. We thus affirm as to this claim and direct the court to issue an order granting summary adjudication of this claim.

FACTUAL AND PROCEDURAL BACKGROUND

2

*Commercial Lease Agreement*

Cui entered into a three-year commercial lease agreement with Secured Capital, commencing in February 2017, for one unit in a multi-unit facility for warehousing and office space. Cui's lease also included four parking spaces, which he accessed through a driveway shared with other tenants. El Dorado represented Secured Capital as its broker during negotiations.

Section 2.6 of the lease agreement restricted the size of vehicles using the four parking spaces, stating they could not be any "larger than full-size passenger automobiles or pick-up trucks." The agreement prohibited Cui from loading, unloading, or parking vehicles in areas other than these four spaces and from servicing or storing vehicles in the common area of the property.

*Unlawful Detainer Action*

Fourteen months into the lease, Secured Capital served Cui with a notice to surrender possession, claiming he was violating the lease provisions by allowing vehicles to park, load, and unload in the common area driveway. Secured Capital then brought a "limited" unlawful detainer action (i.e., the amount demanded did not exceed $10,000) against Cui. The complaint requested possession of the premises, forfeiture of the commercial lease agreement, attorney fees and costs, and damages for each day that Cui remained in possession of the property through entry of judgment.

In his answer, Cui admitted the complaint's allegations, but alleged the shared driveway and parking spaces violated local zoning ordinances. Because of the driveway's steep grade, his business vehicles and customers could not access his unit through the driveway. Although Cui would have to temporarily park in the driveway to load and unload his vehicles, [Cui] would ensure that the driveway [was] not fully blocked so other vehicles can still

3

safely pass through." He claimed he told Secured Capital about the problem and asked it to install a ramp between the parking lot and driveway. "[Secured Capital] agreed to do so, but never did." He asserted affirmative defenses for retaliatory and discriminatory eviction based on his prior complaints about the driveway. He also claimed that the "fair rental value of the premises should be decreased accordingly."

*Stipulated Judgment*

Instead of proceeding to trial on the merits of their dispute, Cui and Secured Capital entered into a stipulated judgment in December 2018. The stipulation provided as follows:

> "1. [Secured Capital] shall be entitled to possession of the premises. . . . A writ of execution for possession may issue immediately, however, no lockout shall occur prior to March 1, 2019 so long as [Cui] complies with all other terms of this Stipulated Judgment.
>
> "2. The agreement under which possession of said property is taken by [Cui] is forfeited and surrendered.
>
> "3. [Cui] shall:
>
> "a. Pay rent for October, November, December, 2018 in the total amount of $10,815.00 as follows: $5,500.00 on December 17, 2018 and $5,315.00 on January 15, 2019;
>
> [¶]
>
> "c. [Cui] shall pay January, 2019 rent in the amount of $3,605.00 by January 7, 2019. Additionally, [Cui] shall pay February, 2019 rent in the amount of $3,713.15 by February 5, 2019;
>
> "d. [Cui] shall vacate possession of the subject premises and return possession to [Secured Capital] on or before February 28, 2019;
>
> "e. [Cui], his guests or invitees, shall not park or impede the traffic flow in the area designated "No Park Any

4

Time" . . . so that other tenants may have access to their premises. Further, [Cui] may temporarily park one service or customer vehicle at a time in the area identified . . . until December 31, 2018 so long as [Cui's] or other customer's vehicle does not block the driveway. . . .

"4. If [Cui] fails to timely comply with all of the above terms, [Secured Capital], upon 24 hour telephonic notice to [Cui's] counsel, schedule an ex parte evidentiary hearing to determine if [Cui] has failed to comply with the above terms. If the court determines that [Cui] has failed to timely comply with the above terms, then [Secured Capital] shall schedule a lockout as soon thereafter as possible. . . .

[¶] . . . [¶]

"7. [Secured Capital] and [Cui] waive any and all rights to a noticed motion and/or hearing on the entry of judgment pursuant to this stipulation."

The court and both parties signed the stipulated judgment. Counsel for each party signed as approving "form and content." The stipulated judgment did not include findings or conclusions on any of the other disputed matters, such as Cui's affirmative defenses for retaliatory eviction or his other allegations against Secured Capital. It also did not include a waiver of any claims.

On January 17, 2019, at Secured Capital's request, the court reopened the matter, found Cui violated the terms of the stipulated judgment (apparently by continuing to park his vehicles in unauthorized areas), granted Secured Capital's request for immediate possession and a lockout, and directed the clerk to issue a writ of execution for possession for Secured Capital.

*Cui's Present Lawsuit*

5

Seven months later, Cui filed a complaint against defendants, which he later amended. The amended complaint alleged Secured Capital and Cui had been in a landlord-tenant relationship since January 24, 2014. As Cui's prior lease was expiring, he was looking for a larger space for his expanding home remodeling business. El Dorado notified Cui that Secured Capital had an available unit for him that would suit his needs.

This, Cui contends, was a negligent and an intentional misrepresentation as both defendants knew the property's shared driveway had such a steep slope, larger vehicles could not use it. They knew the problem would impede his ability to use the rented premises for his business. Cui claims defendants concealed the fact that the driveway violated San Diego zoning regulations to induce him to enter the lease agreement.

Cui alleged he learned the slope exceeded the allowed gradient provided by San Diego local regulation only after he moved in. Because of the size of his vehicles, he was unable to load and unload materials. He had—he claimed—no choice but to park in the driveway. He further alleged that instead of fixing the driveway as he asked, Secured Capital evicted him in retaliation for his complaints.

Cui further claimed that when he discovered mold in his unit, he paid for an inspection, which he turned over to Secured Capital. Secured Capital only partially abated the problem, failed to conduct a follow-up inspection, and failed to reimburse Cui for the first inspection. Cui sued defendants for negligent and intentional misrepresentation, concealment, breach of contract, and premises liability.

*Defendants' Summary Judgment/Summary Adjudication Motion*

6

Defendants moved for summary judgment, or in the alternative, summary adjudication, arguing there were no triable issues of fact because the doctrine of res judicata barred Cui's causes of action. The trial court granted the summary judgment motion and entered judgment for defendants. It concluded claim preclusion under the doctrine of res judicata barred Cui's causes of action for breach of contract, negligent and intentional misrepresentation. The trial court held that Cui's affirmative defenses in the unlawful detainer action were the same as his causes of action in the present lawsuit, and that by entering into the stipulated judgment with Secured Capital, Cui already had "the opportunity to litigate the same issues [and] defenses" to a final judgment on the merits.

## DISCUSSION

On appeal, Cui contends the trial court erred in concluding defendants met their burden to show his claims were barred under the res judicata doctrine as to his concealment, negligent and intentional misrepresentation, and breach of contract claims.[1] We agree. Under settled law and the factual record before us, we determine the court erred because the parties' stipulated judgment in the unlawful detainer action did not intend to resolve matters beyond possession of the leased premises and holdover rent owed by Cui.

---

1    The trial court also concluded that Cui failed to demonstrate triable issues of material fact as to the complaint's premises liability cause of action. Cui's appeal does not address this portion of the ruling and dismissal of this cause of action. By failing to address this aspect of the trial court's ruling, Cui forfeited any claim that the trial court erroneously granted summary adjudication as to this cause of action. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [if a party fails to provide legal argument and citations to authority on a point, " 'the court may treat it as waived, and pass it without consideration' "]; accord *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363–364.)

7

## I.

### *Standard of Review*

Summary judgment is proper if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)[2] The same rule applies to a summary adjudication on a particular cause of action. (§ 437c, subd. (f)(2).) We review the trial court's summary judgment and summary adjudication ruling de novo. (*State of California v. Continental Ins. Co.* (2017) 15 Cal.App.5th 1017, 1031.) The issue of whether the res judicata doctrine applies in a particular case is a question of law, which we also review de novo. (*City of Oakland v. Oakland Police & Fire Retirement System* (2014) 224 Cal.App.4th 210, 228.)

## II.

### *Unlawful Detainer Actions*

An unlawful detainer action provides both residential and commercial landlords expedited procedures to recover immediate possession of leased premises. (§§ 1159-1179a; *Mobil Oil Corp. v. Superior Court* (1978) 79 Cal.App.3d 486, 494.) To preserve the summary nature of the proceeding, "ordinarily, only claims bearing directly upon the right of immediate possession are cognizable."[3] (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255 (*Vella*).)

---

[2] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

[3] Since 1929 and the addition of section 1161a to the statute, the unlawful detainer summary procedures are also available to "persons who had obtained title to real property under certain specifically enumerated circumstances." (*Gonzales v. Gem Properties, Inc.* (1974) 37 Cal.App.3d 1029, 1034 (*Gonzales*), cited with approval in *Vella*, *supra*, 20 Cal.3d at p. 255.)

The parties are generally not estopped from pursuing—and indeed in most instances must pursue—other claims between them through an ordinary civil action.  (See *Northrop Corp. v. Chaparral Energy, Inc.* (1985) 168 Cal.App.3d 725, 729–730; *Lynch & Freytag v. Cooper* (1990) 218 Cal.App.3d 603, 608–609).  A landlord who brings an unlawful detainer action maintains the right to recover other remedies from the tenant in a separate civil action.  (Civ. Code, § 1952, subd. (b); *Hong Sang Market, Inc. v. Peng* (2018) 20 Cal.App.5th 474, 492 [Civ. Code, § 1952, subd. (b) "modifies the general rule that a judgment in an earlier action precludes a party from raising issues in later litigation that *could have been raised* in the earlier action" (emphasis in original)].)

Because of the summary nature, tenants generally may not file cross-complaints or counterclaims in unlawful detainer proceedings.  (See *Vella, supra*, 20 Cal.3d at p. 255; *Glendale Fed. Bank v. Hadden* (1999) 73 Cal.App.4th 1150, 1153 [the summary character of unlawful detainer proceeding would be defeated if issues irrelevant to right of immediate possession could be introduced through cross-complaint or counterclaims].)  They too must seek redress for other legal or equitable claims through an ordinary civil action.  (*Vella*, at p. 255; see also *Gonzales, supra*, 37 Cal.App.3d at p. 1034, citing *Lindsey v. Normet* (1972) 405 U.S. 56, 65–66 ["Nor does Oregon deny due process of law by restricting the issues in [unlawful detainer] actions . . . .  The tenant is not foreclosed from instituting his own action against the landlord and litigating his right to damages and other relief in that action."].)

To defend against eviction, a tenant appears in an unlawful detainer action by filing an answer or demurrer.  (§ 1170.)  A tenant may assert affirmative defenses in the answer.  But these too are limited to defenses that

9

would either preserve the tenant's possession of the property or preclude the landlord from recovering possession of it.[4] (*Drouet v. Superior Court* (2003) 31 Cal.4th 583, 587 ["In unlawful detainer actions, tenants generally may assert legal or equitable defenses that 'directly relate to the issue of possession and which, if established, would result in the tenant's retention of the premises.' "]; *Vella, supra*, 20 Cal.3d at p. 255.) For commercial tenants, the trial court lacks authority to order abatement of rent in an unlawful detainer action, which a tenant may seek only through a separate civil action. (*Underwood v. Corsino* (2005) 133 Cal.App.4th 132, 135–137 (*Underwood*).)

Although unlawful detainer proceedings are summary in nature, the parties may avoid trial and request that judgment be entered under a stipulation for judgment. (§ 664.6.) Like any settlement agreement, the language of the stipulated judgment controls. (*Needelman v. DeWolf Realty Co., Inc.* (2015) 239 Cal.App.4th 750, 757–758 (*Needelman*); Civ. Code, § 1644.) The court applies general contract interpretation principles to the determine the scope of the parties' stipulated judgment.

## III.

### *Res Judicata*

The doctrine of res judicata may follow from an unlawful detainer action, but because of the limited purpose of unlawful detainer proceedings, "[a] judgment in unlawful detainer usually has very limited res judicata effect." (*Vella, supra*, 20 Cal.3d at p. 255.) It "will not prevent one who is

---

[4] Proper affirmative defenses include retaliatory eviction, constructive eviction, discrimination, and the landlord's breach of the rental agreement. (See *Green v. Superior Court of San Francisco* (1974) 10 Cal.3d 616, 632–635 [discussing defenses that go to question of possession and concluding that the warranty of habitability "may be directly relevant to the issue of possession"].)

dispossessed from bringing a subsequent action to resolve questions of title [citations], or to adjudicate other legal and equitable claims between the parties." (*Ibid.*) Because an unlawful detainer action generally only resolves matters of possession and rent, res judicata will not limit further litigation between the parties on other matters. (*Id.* at pp. 256–257.)

In regular civil actions, the reach of the res judicata doctrine is far broader. Claim preclusion, which is the " ' " 'primary aspect' " ' of res judicata, acts to bar claims that were, *or should have been*, advanced in a previous suit involving the same parties." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN Holdings*), emphasis added.) Issue preclusion, or collateral estoppel, is the second and separate aspect of the "overarching doctrine" of res judicata that prevents relitigation of issues already decided in a prior action. (*Id.* at pp. 823–824, 827 [explaining the distinction between the two aspects of res judicata and addressing the confusion that arises from imprecise use of the umbrella term].)

Where the reviewing court determines, however, that additional matters *were* litigated and decided in the unlawful detainer action, res judicata would be appropriate. (*Vella*, *supra*, 20 Cal.3d at pp. 256–257 [" 'full and fair' litigation of an affirmative defense even one not ordinarily cognizable in unlawful detainer, if it is raised without objection, and if a fair opportunity to litigate is provided—will result in a judgment conclusive upon issues material to that defense"].) The California Supreme Court noted, however, that such circumstances "are uncommon." (*Id.* at p. 257.)

These rules apply equally when the prior unlawful detainer action resolved through a stipulated judgment. (*Vella*, *supra*, 20 Cal.3d at p. 256 [stipulated judgment is as "conclusive as to any issues necessarily determined in that action" as a final judgment following trial]; *Needelman*,

11

*supra*, 239 Cal.App.4th at p. 759 ["Under California law, a 'judgment entered without contest, by consent or stipulation, is usually as conclusive a merger or bar as a judgment rendered after trial' "], quoting 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 372, p. 996; accord *Malkoskie v. Option One Mortgage Corp.* (2010) 188 Cal.App.4th 968, 973–974.)

Courts use ordinary contract principles to determine the scope of the stipulated judgment.  (*Needelman, supra*, 239 Cal.App.4th at pp. 758–759.) Generally, "[t]he words of a contract are to be understood in their ordinary and popular sense."  (Civ. Code, § 1644.)  We must interpret the contract "to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."  (Civ. Code, § 1636.)  "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ."  (Civ. Code, § 1639.)

Where the stipulated judgment resolves matters limited to possession and rent, the courts have denied application of res judicata to bar further litigation between the parties.  (*Landeros v. Pankey* (1995) 39 Cal.App.4th 1167, 1170–1171 [stipulated judgment did not bar subsequent litigation where it was drawn on a court form, did not contain "specific or general language concerning the dispute" raised by the affirmative defense, did not include "comprehensive language typically employed to indicate a settlement of any and all issues in dispute," and ultimately, "gave the landlord less than the relief prayed"]; *Pelletier v. Alameda Yacht Harbor* (1986) 188 Cal.App.3d 1551, 1557 [stipulated judgment did not mention relinquishment of claims arising from a retaliatory eviction and thus that claim "was not fully and fairly litigated in an adversary hearing"]; see also *Moriarty v. Laramar Management Corp.* (2014) 224 Cal.App.4th 125, 138–141 [default judgment in

12

unlawful detainer action where complaint put at issue claims in a subsequent action did not bar the later claims under either aspect of res judicata, stating, "[t]he sole issue in an unlawful detainer action is possession of the premises"].)

Where the parties intended to settle matters beyond the issues in the unlawful detainer action through the stipulated judgment, however, the courts have found future claims precluded. (*Needelman, supra*, 239 Cal.App.4th at pp. 758–761.) The intent to do so, however, should be unambiguous. (*California State Auto Assn. Inter-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658, 664–65 ["Most importantly, a stipulated judgment may properly be given collateral estoppel effect, at least when the parties manifest an intent to be collaterally bound by its terms"], citing § 1908, subd. (b), see also *Needelman*, at pp. 758–761.)

IV.

*Cui's Present Claims are Not Barred by Res Judicata*

In its summary judgment decision, the trial court concluded that Cui raised the same allegations in the unlawful detainer action (by way of his affirmative defenses) as he raises against defendants in the present lawsuit. On this point, we agree with the trial court.

In particular, the allegations underlying his causes of action for negligent and intentional misrepresentation and concealment are based on the same operative alleged facts. Namely, defendants concealed from Cui that the driveway slope exceeded local ordinance and that because of the driveway grade, Cui could not access his rented commercial space for its intended use. Cui's cause of action for breach of contract is also based on these underlying factual allegations, but also alleges Secured Capital failed to adequately abate mold in the premises.

13

While we acknowledge that the allegations between the two actions are largely the same, that is only the beginning—not the end—of our res judicata analysis. Because we determine that the parties' stipulated judgment did not manifest an intent to resolve issues other than possession and holdover rent, it was not a final judgment on the issues or claims Cui raises in his present lawsuit and res judicata does not bar his present claims.

Our starting point is the parties' stipulated judgment. (*Needelman*, *supra*, 239 Cal.App.4th at pp. 757–778.) "When interpreting the stipulated judgment, we use ordinary contract principles and, in the absence of extrinsic evidence, we may interpret it as a matter of law." (*Id.* at p. 758.)

Here, the parties' stipulated judgment unambiguously provided for Cui's forfeiture of the lease agreement, surrender of the premises by a date certain, and the assessment of rent for October 1, 2018, through February 28, 2019. It stated in relevant part: Secured Capital "shall be entitled to possession of the premises"; "[t]he agreement under which possession of said property is taken by [Cui] is forfeited and surrendered"; Cui shall pay back rent for October, November, and December 2018 (since Secured Capital filed the unlawful detainer action) for $10,815 and future rent (between the stipulated judgment and Cui's surrender of possession) for January and February 2019 for $3,605 and $3,713.15 respectively; and Cui shall vacate the possession of the property "on or before February 28, 2019" unless he failed to timely comply with the terms of the Stipulated Judgment.

Like any contract, the content of the stipulated judgment controls. (*Needelman*, *supra*, 239 Cal.App.4th at pp. 757–758; Civ. Code, § 1644.) And absent stipulated findings regarding matters now at issue in Cui's lawsuit, or an express waiver of claims, we cannot read the parties' stipulation in the

14

unlawful detainer action as anything more than requiring forfeiture, surrender/possession of the leased premises, and the rent identified.

Defendants contend, however, that because Cui appeared in the action, asserted certain affirmative defenses, and agreed to the stipulated judgment, Cui waived all defenses he did raise or could have raised in the unlawful detainer proceeding. First, Cui could not have litigated the causes of action he raises in the present lawsuit in the unlawful detainer action. (*Underwood*, *supra*, 133 Cal.App.4th at pp. 135–137.) And second, the California Supreme Court in *Vella* already rejected defendants' argument, that "the mere pleading of a defense without objecting by the adverse party necessarily demonstrates adequate opportunity to litigate the defense." (*Vella, supra*, 20 Cal.3d at p. 258 ["In return for speedy determination of his right to possession, plaintiff sacrifices the comprehensive finality that characterizes judgments in nonsummary actions"].)

Defendants would have this court follow the holding in *Needelman*, which determined that the parties stipulated judgment barred the subsequent claims. (*Needelman, supra*, 239 Cal.App.4th at pp. 758–759.) But there is a key factual distinction between *Needelman* and this case: the stipulated judgment in *Needelman* contained an express waiver and release of claims for wrongful eviction and for "any action in any way arising out of or concerned with his tenancy." (*Ibid.*)

Here, had the parties wanted to settle additional claims by way of their stipulated judgment, they could have done so through the inclusion of release and waiver language, like the parties did in *Needelman*. Both parties were represented by counsel at the time and the stipulated judgment contains no such language. The fact that the parties did negotiate waiver language as to the parties' ability to challenge "a noticed motion and/or hearing on the entry

15

of judgment pursuant to this stipulation" shows by the parties' express language that their stipulation contained all the parties were willing to waive.

We hold that absent findings about Cui's asserted defenses, or a release of claims, the parties' stipulated agreement did not meet the third element for claim preclusion. (*DKN Holdings*, *supra*, 61 Cal.4th at p. 824 ["(3) after a final judgment on the merits in the first suit"].)[5]

## DISPOSITION

The judgment is reversed and the matter is remanded with directions for the trial court to vacate its order granting summary adjudication in favor of Secured Capital and El Dorado on the negligent misrepresentation, intentional misrepresentation, concealment, and breach of contract causes of action. Cui shall recover his costs on appeal.

---

[5] We also reject defendants' argument that parties should expressly withdraw issues from stipulated judgments in unlawful detainer proceedings or risk broad waiver of claims. The cases on which it relies, *Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495 and *Ellena v. State of California* (1977) 69 Cal.App.3d 245, are not unlawful detainer actions. The Supreme Court in *Vella* showed that, because of the summary nature of unlawful detainer proceedings and the limited matters that are at issue, either the court's findings (or, as shown in subsequent cases discussed *post*, the parties' stipulated judgment) must manifest the issues and claims adjudicated or decided in the matter. (*Vella*, *supra*, 20 Cal.3d at p. 256.) Because the stipulated judgment here did not do so, there was no final adjudication of Cui's claims for purposes of claim preclusion.

16

HALLER, Acting P. J.

WE CONCUR:


AARON, J.


DATO, J.